## Perry v. South Covington & Cincinnati Street Railway Company.

(Decided October 17, 1913).

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Instructions—Exercise of Ordinary Care by Street Railway Company—Constructing and Maintaining Tracks.—An instruction that it was the duty of a street railway company to exercise ordinary care to so lay and maintain its tracks on public streets as not to render the streets unsafe or dangerous for vehicles is equivalent to an instruction that it was its duty to so construct and maintain them that the streets would be so nearly on a level with the rails as to reasonably prevent injury to the traveling public.

2. Instructions—When Failure to Instruct as to Loss of Time, Doctors' Bills and Cost of Cure Not Prejudicial Error.—Failure to instruct as to plaintiff's loss of time, doctors' bills and cost of cure is not prejudicial error where the jury has found there is no liability.

JOHN E. SHEPARD, T. J. EDMONDS for appellant.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant instituted this action alleging that on the second day of January, 1912, while driving a loaded wagon at the corner of Twenty-first and Howell streets in the city of Covington the wheel of his wagon was wrecked whereby he was thrown from the wagon and injured, alleging that the cause of the wreck of his wheel was that the defendant had permitted its street railway track at that point to be and remain in such dangerous condition as to constitute a dangerous obstruction of the street.

After hearing all the evidence, and by agreement, inspecting the place of the accident, the jury returned a verdict for the defendant, and the plaintiff appeals.

The evidence was quite conflicting, tending to show upon the part of appellant that when he undertook to cross the railway track at the intersection of the two streets the front wheels of the wagon passed safely over the rail and the guard-rail, but that when the rear wheels struck the rail and the guard-rail, the injured wheel skidded or slid down the guard-rail a short distance and then gave way, when appellant was precipitated from the top of the loaded wagon to the street and injured; that the guard-rail was greased, and from one to two inches higher than the other rails, and that the rail upon which the cars ran was from one to two inches higher than the adjacent street. The theory of the plaintiff is that this was an unreasonable and dangerous obstruction of the street.

The evidence of the defendant was that the plaintiff's wagon was old, and that its wheels were in very bad condition, and that the rear wheel of the wagon never came in contact with either of the rails, but that it collapsed on account of the heavy load and its dilapidated condition; that immediately after the accident the wheel which gave way was some five or six feet from the railroad track; that when plaintiff was 100 or 125 feet from the railroad track he was notified by a man that met or overtook him on the street, that this rear wheel was in very bad condition and was about to give down. The defendant also showed by witnesses that it was necessary to have the guard-rail, and to have it greased at points where there were short curves in its track, as there is shown to be at that point; that the height of the guard-rail over the running rail varied in the curve from 10-16 of an inch to 14-16 of an inch by actual measurement, and that the running rail was not exceeding 3-4 of an inch to an inch above the street.

The plaintiff alleged that the condition of the rail and guard-rail at that point constituted a dangerous obstruction in the street, and now complains that the court erroneously instructed the jury that it was the duty of the defendant to exercise ordinary care to so lay and maintain its rails upon the public streets as not to render the use of vehicles "unsafe or dangerous," contending that the court should have given an instruction offered by him to the effect that it was the duty of the defendant to so construct and maintain its tracks that the street should be so nearly upon a level with the rails of its track as to reasonably prevent injury to the travel-

ing public. But we are unable to see the material difference between the instruction defining the duty of the defendant to so lay and maintain its tracks as not to render the use of the street unsafe or dangerous, and that offered by the plaintiff; it would doubtless have been better for the court to have said that it was the duty of the defendant to exercise ordinary care to so lay and maintain its tracks as to make the street reasonably safe for public travel; but under the evidence in this case the two instructions meant substantially the same thing.

Under the pleadings the court *did* err in its failure to instruct the jury as to appellant's loss of time, physicians bills, and cost of cure; but inasmuch as the jury has found upon the merits of the case that there was no liability upon the part of the defendant at all, the error was not prejudicial.

The contention that the verdict is palpably against the evidence, or even against the weight of the evidence, cannot be sustained; the jury was fully justified in finding under the evidence that the condition of the railroad track had nothing to do with the injury to the plaintiff, but that it was caused by the over-loading of his wagon and its dilapidated condition, and especially of the wheel that gave down.

Upon the whole record we see no substantial error. Judgment affirmed.